IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 10-CV-2567 |
| DUANE PETER, | : : | |
| Defendant. | : | |

# MEMORANDUM AND ORDER

AND NOW, this 10th day of June, 2010, upon consideration of the *pro se* "Motion to Intervene as a Defendant Under Rule 24" filed by James B. Peter ("Peter") (Doc. No. 1), the court makes the following findings and conclusions:

1. On May 26, 2010, Peter filed a "Motion to Intervene as a Defendant Under Rule 24." Although Peter's claims are somewhat difficult to discern, construing the assertions liberally and in Defendant's favor, it appears that he claims, *inter alia*, that he should be released from custody because the Court of Common Pleas of Delaware County lacked jurisdiction to convict him. (Doc. No. 1). Peter also asserts that because he is a member of the Moor Empires of the Imperial Dominion of Amexem he is a sovereign and is therefore immune from the requirement to pay a debt of physical incarceration for third degree murder. Id. Therefore, he seeks his release from custody. Id.

2. Peter is currently in custody in the State Correctional Institution in Dallas, Pennsylvania, serving a sentence pursuant to his conviction in the Court of Common Pleas of Delaware County. Persons in custody pursuant to the judgment of a state court seeking federal relief from their conviction must file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Contrary to Local Civil Rule 9.3(b) and Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts, Peter did not use the required current standard 28 U.S.C. § 2254 form prescribed by this Court, effective December 1, 2004. Use of the Court's current standard form in proceedings under 28 U.S.C. § 2254 is necessary to assure that a petitioner is made aware of the warnings required pursuant to *United States v. Thomas*, 221 F.3d 430 (3d Cir. 2000) (relating to the statute of limitations set forth in 28 U.S.C. § 2244(d)); and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000) (relating to limitations on the right of the petitioner

to file a "second or successive" petition under 28 U.S.C. § 2254). The Court notes that the specific *Thomas* and *Mason* warnings are contained in the introductory text of the current standard form.

Based upon the foregoing, it is hereby **ORDERED** that:

1. Peter's Motion to Intervene as a Defendant Under Rule 24 is **DENIED;**

2. The Clerk of Court shall close this matter;

3. The Clerk of Court shall furnish Peter with a blank copy of this Court's current standard form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*;

4. Peter may complete this Court's current standard form of petition as directed by Local Civil Rule 9.3(b) and Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, sign the completed petition, and return it to the Clerk of Court;

5. If Peter files a petition for habeas corpus relief, he shall also complete and return the application to proceed *in forma pauperis* to the Clerk of Court along with the requisite certification of prison assets signed by a prison official or tender the required $5.00 filing fee to the Clerk of Court; and

6. If Peter files a petition pursuant to 28 U.S.C. § 2254 it shall be filed and opened as a new civil matter.

s/Lowell A. Reed. Jr.
LOWELL A. REED, JR., S.J.